RECEIVED
MAR 21 2013
AT 8:30_____M
WILLIAM T. WALSH CLERK

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Orlando HARE,

    Plaintiff,

v.

Ryan WOODHEAD, et al.,

    Defendants.

Civil No. 08-5894

OPINION

THOMPSON, U.S.D.J.

    Plaintiff Orlando Hare, ("Plaintiff"), [Doc. No. 1], filed this lawsuit in December 2008. Over time, the parties have submitted numerous filings, received various extensions for matters of discovery, and were instructed to prepare for trial at multiple points. In May 2011, the Court granted summary judgment in favor of two Defendants (including the above-named Ryan Woodhead), leaving Plaintiff and Defendant Roberto O. Reyes, ("Defendant"), as the sole remaining parties to this suit. [Doc. No. 114].

    Litigation continued following the Court's order on summary judgment, and the matter was set down for trial on May 8, 2012 at 9:30 A.M. At the last minute, the attorneys reported the matter was settled. [*See, e.g.*, Doc. Nos. 132, 135]. When the time came to provide a final signature on the settlement agreement, however, Plaintiff withdrew his consent. [*See* Doc. No. 136]. After some consideration, the Court accepted Plaintiff's barely plausible justification for withdrawal and declined to enforce the settlement. [*See* Doc. Nos. 138, 146]. A new *pro bono*

attorney was assigned to Plaintiff,[1] and a new trial date was set for Monday, March 18, 2013 at 9:30 A.M. [Doc. Nos. 146, 148, 150]. Despite the fact that Defendant withdrew the settlement offer at that time, further efforts were expended to try and settle the case.

On the morning of March 18, Plaintiff's counsel informed the Court that Plaintiff was unlikely to appear that morning for trial. Plaintiff's counsel explained that he had met with Plaintiff the previous Thursday, and that Plaintiff was aware of his Monday Court date. Plaintiff's counsel went on to explain, however, that since their last meeting Plaintiff had been missing from his halfway house in Camden and had sent him text messages displaying significant mental agitation. Defendant was present, along with his attorney and at least one defense witness.

In response to the above, the Court adjourned the commencement of jury selection until 11:00 A.M that same day in order to provide Plaintiff with a further opportunity to appear. When he did not, the Court dismissed the case with prejudice on the record.

In selecting dismissal as the appropriate sanction for Plaintiff's failure to appear for trial, the Court carefully considered the six factors summarized in *Poulis v. State Farm Fire and Casualty Company* and re-enumerated in countless cases since. 747 F.2d 867, 868 (3d Cir. 1984). The *Poulis* factors include: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.* at 868.

First, the Court notes that responsibility for Plaintiff's failure to appear in Court on the

---

[1] The first attorney was replaced due to the necessity of surgery.

day of trial appears to lie entirely with Plaintiff. There was no prior warning and no apparent justification. Second, with regards to prejudice to Plaintiff's adversary, the Court finds the continued delay of trial and/or settlement sufficiently prejudicial to warrant dismissal in this action. Defendant, a member of the Trenton Police Department, has been present in Court multiple times. The further delay of this matter's resolution could only burden Defendant and various witnesses (who were all prepared for trial) with further court appearances and preparation. *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994) (quoting *Scarborough*, 747, F.2d 871, 876 (3d Cir. 1984)) (explaining prejudice as "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, [and] the excessive and possibly irremediable burdens or costs imposed on the opposing party.").

As concerns a history of dilatoriness, the third *Poulis* factor, the Court finds that Plaintiff's behavior with respect to the initiation of trial bodes ill for any future attendance at proceedings to resolve this litigation. Fourth, upon consideration of whether the conduct of Plaintiff or Plaintiff's counsel was either willful or in bad faith, the Court notes that the Court assigned two *pro bono* attorneys to represent Plaintiff over the course of the litigation. Both were meticulous and thorough in their duties. Any willful conduct that has prompted this case's dismissal lies with Plaintiff's failure to appear in Court on the date of trial, with full knowledge of the same, and without any offer of explanation to his counsel or to the Court for his absence.

Finally, the Court does not believe other sanctions would be suitable in this case. It is unlikely that Plaintiff could afford to pay a fine of any sort. Further delay of trial would merely serve to prolong this litigation to the detriment of both remaining parties.

Although the Court in the above analysis declines to discuss the meritoriousness of

Plaintiff's claims (a claim of excess force in the course of an arrest), the Court finds dismissal of Plaintiff's case justified given the outcome of the other five factors. Indeed, to extend the life of this litigation would be to tax the resources of both the parties and the judiciary at the whim of a Plaintiff who, unfortunately, has proven too unpredictable and unreliable to pursue his case to its conclusion.

This matter is therefore dismissed with prejudice.

_____
ANNE E. THOMPSON, U.S.D.J.

Dated: 3/21/13